UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21736-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

PEDRO P. BLANCO,

    Plaintiff,

v.

ROS OPERATING CO., et al.,

    Defendants.
    _____/

<u>ORDER GRANTING DEFENDANTS'
MOTION FOR ORDER AUTHORIZING RELEASE OF INFORMATION</u>

Presently pending before the Court is Defendants' Motion for Order Authorizing Release of Information (DE # 26). This motion is fully briefed (DE ## 27, 28) and this case is referred to the undersigned Magistrate Judge for final disposition (DE # 11). Based upon a review of the record and for the reasons stated herein, Defendants' Motion is GRANTED.

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201, *et seq.*, based upon Plaintiff's allegation that he worked as a maintenance man for Defendants between January 2006 and January 2008, and that Defendants failed to pay him minimum and overtime wages during that time (DE # 1).

Defendants assert that Plaintiff was an independent contractor; and, they dispute that Plaintiff actually worked all of the hours that he claimed to have worked. Because Plaintiff testified at deposition that he accompanied his adult son to all of his son's medical appointments at Citrus Health Network, Inc., Defendants subpoenaed the Health Clinic for records reflecting the dates and times that Plaintiff's son had appointments, in order to show that Plaintiff was an independent contractor in control of his own hours;

and, moreover, that he was not working for Defendants during the times that he accompanied his son to his medical appointments.  The Health Clinic refused to provide any information concerning Plaintiff's son, which is protected health information ("PHI"), without a HIPAA release or a Court Order, and, thus, Defendants requested that this Court enter such an Order pursuant to Federal Rule of Civil Procedure 45 and 45 C.F.R. § 162.514 (DE # 26).

Although Plaintiff initially contested the instant motion on the grounds that Defendants "failed to cite Plaintiff's specific testimony" in which he stated that he accompanied his son to his medical appointments (DE # 27), Defendants filed a reply in which they represent that they supplied Plaintiff's counsel with the relevant deposition excerpts and that,

> [b]ased on the excerpts, Plaintiff's counsel agreed to withdraw his opposition to the motion with a stipulation that Defendant would not obtain access to the son's medical records except to the extent that the record[s] contain references to Plaintiff having attend[ed] the appointment(s) or providing input to the physician(s)

(DE # 28 at 1).  Therefore, based upon the agreement of the parties, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Order Authorizing Release of Information is **GRANTED**.  On or before March 26, 2009, Citrus Health Network, Inc. shall produce redacted medical records which show only the dates and times Pedro Jesus Blanco was at treated at the Health Clinic as well as any entries reflecting that Plaintiff Pedro P. Blanco was present during any of those appointments. In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. §§164.512(e)(1)(ii)(B) & 164.512(e)(1)(v), all parties to this lawsuit are prohibited from using or disclosing any protected health information (PHI) for any

purpose other than the litigation of this lawsuit.  Defendants and Plaintiff are required to destroy the PHI, including all copies made, at the end of the litigation of this lawsuit, which includes the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever last occurs.

**DONE AND ORDERED** in chambers in Miami, Florida on March 16, 2009.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record via CM/ECF